Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Robert Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Christopher E. Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

David P. Milian, Esq.*
*dmilian@careyrodriguez.com*
*cperez@careyrodriguez.com*
Ruben Conitzer, Esq.*
*rconitzer@careyrodriguez.com*
*ecf@careyrodriguez.com*
CAREY RODRIGUEZ MILIAN GONYA LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel: (305) 372-7474
Fax: (305) 372-7475

*Application for pro hac vice forthcoming.*

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY WEISBEIN, individually and on behalf of all others similarly situated, | Case No.: 8:20-cv-00801 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| ALLERGAN, INC., a Delaware corporation, | <u>**JURY TRIAL DEMANDED**</u> |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff RAY WEISBEIN, individually and on behalf of all other persons similarly situated, complains and alleges as follows:

## NATURE OF ACTION

1.     Plaintiff brings this action for statutory damages and other legal and equitable remedies resulting from the unlawful actions of ALLERGAN, INC. ("**Defendant**") in transmitting advertisement and telemarketing text messages to Plaintiff's cell telephone and the cell telephones of numerous other similarly situated persons using an automatic telephone dialing system ("**ATDS**") and without anyone's prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("**TCPA**").

2.     Plaintiff saw one of Defendant's video advertisements for its Botox migraine headache treatment. At the end of the commercial, Defendant explained that he might pay as little as $0 for the treatment and invited him to text "SAVE" to a short code. Besides the limited information that Plaintiff expected to receive, he was also subjected to unsolicited telemarketing for which he did not provide his express consent, and which were therefore sent in violation of the TCPA.

## PARTIES

3.     Plaintiff Ray Weisbein is an individual and is the user and/or subscriber of cell telephone number (305) ***-7500 (the "**7500 Number**").

4.     Defendant Allergan, Inc. is, and at all times relevant hereto was, a corporation incorporated under the laws of Delaware. Defendant's primary business headquarters are located in Irvine, California.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

6.     This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3).

7.     Defendant is subject to personal jurisdiction in California because it maintains its headquarters at 2525 Dupont Drive in Irvine, California. Defendant is further subject to personal jurisdiction in California because it performed, or caused to be performed, the acts complained of herein within California.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district and under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events (sending automated messages in violation of the TCPA) and omissions (not obtaining the requisite prior express written consent) occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9.     Defendant is a pharmaceutical company that sells the popular Botox treatments, which purport to treat, *inter alia*, migraines.

10.     Defendant heavily markets its Botox products, including by video commercials which are broadcasted nationwide.

11.     On or about April 1, 2020, Plaintiff saw one such video commercial. At the end of this commercial, Defendant displayed the following image:



CLASS ACTION COMPLAINT
Case No.: 8:20-cv-00801

12. The foregoing commercial was produced with the assistance of Pacific Communications, a company located in Irvine, California, and which specializes in marketing for healthcare companies.

13. Pacific Communications' website makes clear that Pacific Communications supports brands, including Defendant and its Botox brand, by creating and implementing innovative traditional brand and interactive marketing solutions by applying its hands-on knowledge of healthcare brands, categories, and markets.

14. The foregoing commercial was developed in California.

15. Neither the afore-imaged or any other part of Defendant's commercial informed Plaintiff that by texting "SAVE" he was authorizing Defendant to deliver or cause to be delivered to him advertisement or telemarketing text messages using an ATDS.

16. In response, Plaintiff sent the word "SAVE" to short code telephone number 27747 solely to confirm his eligibility for discounted or free pharmaceuticals.

17. Upon receiving the incoming "SAVE" message, Defendant's autodialing system and its integrated software captured the incoming data and automatically generated and stored the 7500 Number through the use of a caller identification or an automatic number generation device without notice to Plaintiff.

18. In immediate response to Plaintiff's "SAVE" message, Defendant automatically sent two text messages to Plaintiff's cell 7500 Number from short code telephone number 64600, as follows:

> **Hello, please note that Allergan has an additional California Privacy Policy that you can view at www.allergan.com/privacy/ccpa**
>
> \*\*\*

CLASS ACTION COMPLAINT
Case No.: 8:20-cv-00801

**Are you eligible for the BOTOX¿ Saving Program? You'll get 4 questions to answer via text. Terms & Conditions: bit.ly/2RvxiWr Msg & data rate may apply. STOP to end. HELP for help. See full Product Information, including Boxed Warning: bit.ly/2RKyxW4**

**(Q1 of 4) Do you have commercial health insurance or commercial prescription drug insurance? Reply YES or NO.**

19.    The commercial that Plaintiff saw did not inform him that to pay as little as $0, that he would have to divulge private information regarding his health care coverage.

20.    Plaintiff never responded to Defendant's foregoing messages in any way.

21.    Notwithstanding that Plaintiff never responded to Defendant's earlier incoming messages, Defendant nevertheless proceeded to send an additional advertisement text to Plaintiff's cell phone on April 2, 2020:

**Are you still interested in BOTOX¿ Savings Program? Reply YES to continue enrollment, STOP to end. See full Product Information, including Boxed Warning: bit:ly/2RKyxW4**

22.    The April 2, 2020 SMS text message sent to the 7500 Number advertises the commercial availability of Defendant's Botox product and the Saving Program service which purports to offer Defendant's Botox product at a discount.

23.    At least one purpose of the April 2, 2020 SMS text message sent to the 7500 Number was to encourage the purchase of Defendant's Botox treatment, either in connection with the Savings Program or otherwise.

24.    The source of each of the unsolicited SMS text messages sent by Defendant to the 7500 Number was 27747, which is an SMS short code owned or

CLASS ACTION COMPLAINT
Case No.: 8:20-cv-00801

leased by or on behalf of Defendant, and is used to operate Defendant's text message campaign, including the sending of SMS text messages telemarketing and advertising various of Defendant's goods and services such as Botox.

25.    All telephone contact by Defendant and/or affiliates, subsidiaries, or agents of Defendant to Plaintiff at the 7500 Number occurred via an ATDS because the unsolicited telemarketing SMS text messages were sent from 27747, which is a short code telephone number used to message consumers *en masse*, and because the hardware and software used by Defendant to send such messages have the capacity to store or produce random or sequential numbers and to dial such numbers, *en masse*, in an automated fashion without human intervention. Further, the complained of SMS text messages were sent in automatic response to the "SAVE" inquiry and written in a generic and impersonal manner, thus demonstrating that identical text messages were automatically sent to numerous other consumers.

26.    The complained of SMS text messages sent to the 7500 Number were not sent for an emergency purpose.

27.    Defendant's SMS text messages invaded Plaintiff's privacy, intruded upon his seclusion and solitude, constituted a nuisance, and wasted his time by requiring him to review the messages. Further, Defendant's SMS text messages caused Plaintiff to incur tangible harms such as loss of cell phone battery life and financial losses in requiring him to recharge his phone. Finally, Defendant's SMS text messages constituted a temporary electronic intrusion upon Plaintiff's cell phone and took up finite memory space on his cell phone.

28.    Plaintiff's experience is similar to thousands of other persons who received Defendant's advertisement and telemarketing text messages without first having provided express written consent to receive them.

29.    Plaintiff has no reason to believe, that absent a Court Order, that Defendant would voluntarily stop violating the TCPA.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).  The "Class" Plaintiff seeks to represent is comprised of and defined as:

> All persons who received an SMS text message, sent by or on behalf of Defendant from a short code telephone number, including the short code telephone number 27747, that advertised the commercial availability or quality of Botox or the Botox Savings Program or that was sent to encourage the sale of Botox or participation in the Botox Savings Program.

31.      Excluded from the Class is Defendant, any entity in which the Defendant has a controlling interest, or which has a controlling interest in the Defendant, and any of Defendant's legal representatives, assigns or successors.  Also excluded is any judge presiding over or attorney appearing in this case and any member of any such judge's or attorney's immediate family.  Members of the Class are referred to as "Class Members."

32.     Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

33.     Plaintiff and all Class Members have been impacted and harmed by the acts of Defendant and/or its agents, affiliates or subsidiaries.

34.     Plaintiff seeks injunctive relief and monetary damages on behalf of himself and the Class.

35.     This action may properly be brought and maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(3) because it satisfies the numerosity, typicality, adequacy, commonality, predominance and superiority requirements.

36.     Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, and/or judicial economy.

## NUMEROSITY

37.    The number of persons within the Class is substantial, believed to amount to thousands of persons dispersed throughout the United States. Plaintiff's allegation of numerosity is based on the fact that Defendant ran a nationwide television advertisement campaign asking people to text "SAVE" to 27747 and that this advertisement has been aired more than 6,600 times.

38.    It is therefore impracticable to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impracticable. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

## TYPICALITY

39.    Plaintiff received at least one advertisement or telemarketing SMS text message from Defendant that was sent via an ATDS without providing his prior express written consent to receive such messages. All Class Members similarly received such messages without having provided their prior express written consent and their rights under the TCPA were similarly violated. Consequently, the claims of Plaintiff are typical of those of the other Class Members he seeks to represent, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members he seeks to represent. Plaintiff and all Class Members have been impacted by, and face continuing harm out of, Defendant's violations and/or misconduct as alleged herein.

## ADEQUACY

40.    As Class representative, Plaintiff has no interests that are adverse to, or conflict with, the interests of the absent Class Members and is able to fairly and adequately represent and protect the interests of the Class Members. Plaintiff has raised viable claims of the type reasonably expected to be raised by the Class Members and will vigorously pursue those claims. If necessary, Plaintiff may

CLASS ACTION COMPLAINT
Case No.: 8:20-cv-00801

seek leave to amend this Complaint to add additional representatives of the Class or assert additional claims.

## COMPETENCY OF CLASS COUNSEL

41. Plaintiff has retained and is represented by experienced, qualified and competent counsel committed to prosecuting this action. These counsel are experienced in handling complex class action claims, including class actions alleging violations of the TCPA.

## COMMONALITY AND PREDOMINANCE

42. There are well defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class Member to Class Member and may be determined without reference to the individual circumstances of any class member, include (but are not limited to) the following:

    a. Whether Defendant transmitted or caused to be transmitted SMS text messages to Class Members' cell telephones;

    b. Whether the SMS text messages transmitted by Defendant constituted advertisements or telemarketing;

    c. Whether the SMS text messages transmitted by Defendant were transmitted using an ATDS;

    d. Whether Defendant can prove it obtained prior express written consent to send the complained of text messages;

    e. Whether Defendant's complained of conduct was knowing and/or willful;

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

## SUPERIORITY

43. A class action is superior to other available methods for the fair and

CLASS ACTION COMPLAINT
Case No.: 8:20-cv-00801

efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable. Even if Class Members could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts for individual litigation of numerous cases to proceed. Individualized litigation also presents the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class Members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these class claims is likely to present significantly fewer difficulties than are presented in many individual claims because the text messages at issue are all automated and the Class Members, by definition, did not provide the prior express written consent required under the statute to authorize such text messages to their cell telephones. The Class Members can be readily located and notified of this class action through Defendant's records and, if necessary, the records of cell telephone providers.

44.    Additionally, the prosecution of separate actions by individual Class Members may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class Members to protect their interests. The prosecution of individual actions by Class Members could

CLASS ACTION COMPLAINT
Case No.: 8:20-cv-00801

1    further establish inconsistent results and/or establish incompatible standards of
2    conduct for Defendant.

3        45.    Defendant and/or any of its affiliates, subsidiaries, or agents have
4    acted on grounds generally applicable to the Class, thereby making final
5    injunctive relief and corresponding declaratory relief with respect to the Class
6    appropriate.

7        46.    Moreover, on information and belief, the TCPA violations
8    complained of herein are substantially likely to continue in the future if an
9    injunction is not entered.

10                          **CAUSES OF ACTION**

11                       **FIRST CLAIM FOR RELIEF**
                  **VIOLATION OF THE TCPA (47 U.S.C. § 227)**
12               *(On Behalf of Plaintiff and the Class Against Defendant)*

13       47.    Plaintiff hereby incorporates paragraphs 1-46 as if fully stated
14   herein.

15       48.    The foregoing acts and omissions constitute violations of the TCPA,
16   including but not limited to each of the above-cited provisions of 47 U.S.C. §
17   227.

18       49.    Because of Defendant's violations of 47 U.S.C. § 227, Plaintiff and
19   all Class Members are entitled to, and seek, injunctive relief prohibiting such
20   conduct violating the TCPA in the future.

21       50.    Plaintiff and all Class Members are also entitled to, and seek, an
22   award of $500.00 in statutory damages for each SMS message transmitted in
23   violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

24       51.    Plaintiff and Class Members also seek an award of attorneys' fees
25   and costs.

26

27

28

                                  11                    CLASS ACTION COMPLAINT
                                                        Case No.: 8:20-cv-00801

## SECOND CLAIM FOR RELIEF
### KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA (47 U.S.C. § 227)
*(On Behalf of Plaintiff and the Class Against Defendant)*

52.     Plaintiff hereby incorporates paragraphs 1-46 as if fully stated herein.

53.     The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

54.     Because of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff and all Class Members are entitled to, and seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

55.     Plaintiff and all Class Members are also entitled to, and seek, treble damages of up to $1,500.00 for each SMS message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

56.     Plaintiff and Class Members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

57.     Plaintiff prays for relief and judgment in his favor, as follows:

A.     Injunctive relief prohibiting such violations of the TCPA in the future;

B.     As a result of the Defendant's violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages for each and every violative SMS text message;

C.     As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by the statute, of up to $1,500.00 for each and every violative SMS text message;

D.     An award of attorneys' fees and costs to counsel for Plaintiff and the

CLASS ACTION COMPLAINT
Case No.: 8:20-cv-00801

1  Class; and

2      E.      An Order certifying this action to be a proper class action pursuant

3  to Fed. R. Civ. P. 23, establishing appropriate Class and any additional subclasses

4  the Court deems appropriate, finding that Plaintiff is a proper representative of

5  the Class, and appointing Plaintiff's counsel as counsel for the Class.

6  ## DEMAND FOR JURY TRIAL

7      Plaintiff, on behalf of himself and the Class, hereby demands a jury trial on

8  all issues so triable.

9  Dated: April 24, 2020            /s/ *Tina Wolfson*
                                    Tina Wolfson (SBN 174806)
10                                  *twolfson@ahdootwolfson.com*
                                    Robert Ahdoot (SBN 172098)
11                                  *rahdoot@ahdootwolfson.com*
                                    Bradley K. King (SBN 274399)
12                                  *bking@ahdootwolfson.com*
                                    Christopher E. Stiner (SBN 276033)
13                                  *cstiner@ahdootwolfson.com*
                                    AHDOOT & WOLFSON, PC
14                                  10728 Lindbrook Drive
                                    Los Angeles, California 90024
15                                  Telephone: (310) 474-9111
                                    Facsimile: (310) 474-8585
16

17                                  CAREY RODRIGUEZ
18                                  MILIAN GONYA LLP
                                    1395 Brickell Avenue, Suite 700
19                                  Miami, Florida 33131
                                    Telephone: (305) 372-7474
20                                  Facsimile: (305) 372-7475
21

22                                  David P. Milian (Fla. Bar No. 844421)*
                                    *dmilian@careyrodriguez.com*
23                                  *cperez@careyrodriguez.com*
                                    Ruben Conitzer (Fla. Bar No. 100907)*
24                                  *rconitzer@careyrodriguez.com*
                                    *ecf@careyrodriguez.com*
25

26                                  *Application for pro hac vice forthcoming*

27

28                                  *Counsel for Plaintiff and the Putative Class*