1
2
3
4
5
6
7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   RAY WEISBEIN, individually and on behalf of all others similarly situated, | Case No.  8:20-cv-00801-FMO-ADS |
| 11                 Plaintiff, | [Discovery Document:  Referred to Magistrate Judge Autumn D. Spaeth] |
| 12               v. | **STIPULATED PROTECTIVE ORDER** |
| 13   ALLERGAN, INC. a Delaware corporation, | |
| 14 | |
| 15                 Defendant. | |

16

17 **I.    PURPOSES AND LIMITATIONS**

18       A.    Discovery in this action is likely to involve production of confidential,

19 proprietary, or private information for which special protection from public

20 disclosure and from use for any purpose other than prosecuting this litigation

21 may be warranted.  Accordingly, the parties hereby stipulate to and petition the

22 Court to enter the following Stipulated Protective Order.  The parties

23 acknowledge that this Order does not confer blanket protections on all

24 disclosures or responses to discovery and that the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**II.  GOOD CAUSE STATEMENT**

A.      This action is likely to involve trade secrets, customer and pricing lists, consumers' personal identifying information, "protected health information" as defined by the Health Insurance Portability and Accountability Act, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that

1    the parties are permitted reasonable necessary uses of such material in

2    preparation for and in the conduct of trial, to address their handling at the end

3    of the litigation, and serve the ends of justice, a protective order for such

4    information is justified in this matter.  It is the intent of the parties that

5    information will not be designated as confidential for tactical reasons and that

6    nothing be so designated without a good faith belief that it has been maintained

7    in a confidential, non-public manner, and there is good cause why it should not

8    be part of the public record of this case.

9    **III.    DEFINITIONS**

10    A.    <u>Action</u>:  *Ray Weisbein, et al. v. Allergan, Inc.* (C.D. Cal. Case No. 8:20-

11    cv-00801-FMO-ADS).

12    B.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the

13    designation of information or items under this Order.

14    C.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of

15    how it is generated, stored or maintained) or tangible things that qualify for

16    protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above

17    in the Good Cause Statement, including but not limited to HIPAA Materials .

18    D.    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as

19    their support staff).

20    E.    <u>Designating Party</u>:  A Party or Non-Party that designates information or

21    items that it produces in disclosures or in responses to discovery as

22    "CONFIDENTIAL."

23    F.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless

24    of the medium or manner in which it is generated, stored, or maintained

3

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.      Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.      HIPAA Materials: materials which have not been made public and include identifiable information about individuals that is subject to the protection of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), including "protected health information" as defined by the Health Insurance Portability and Accountability Act 45 C.F.R. § 160.103, or other similar statutory or regulatory privacy protections.  Without waiving any rights, the Parties understand that Defendant and/or other Non-Parties may contend that certain Protected Material contain protected health information regarding or relating to individuals who have a privacy interest in such information and that disclosure thereof may be contrary to the law and/or public interest.  Without waiving any rights, the Parties also understand that Defendant and/or other Non-Parties may contend that such Protected Material is subject to the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to HIPAA, or other similar statutory or regulatory privacy protections.  The Parties understand and agree that this Protective Order is not an acknowledgment or admission that any Protected Material is subject to the above referenced statutory or regulatory privacy protections, only that certain

Protected Material "may" be.

I.     <u>House Counsel</u>:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.     <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.     <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.     <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.     <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.     <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

P.     <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.    SCOPE**

      A.       The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

      B.       Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**V.     DURATION**

      A.       Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI.    DESIGNATING PROTECTED MATERIAL**

      A.       Exercise of Restraint and Care in Designating Material for Protection

            1.       Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that

1    qualify so that other portions of the material, documents, items, or

2    communications for which protection is not warranted are not swept

3    unjustifiably within the ambit of this Order.

4        2.      Mass, indiscriminate, or routinized designations are prohibited.

5    Designations that are shown to be clearly unjustified or that have been

6    made for an improper purpose (e.g., to unnecessarily encumber the case

7    development process or to impose unnecessary expenses and burdens on

8    other parties) may expose the Designating Party to sanctions.

9        3.      If it comes to a Designating Party's attention that information or

10   items that it designated for protection do not qualify for protection, that

11   Designating Party must promptly notify all other Parties that it is

12   withdrawing the inapplicable designation.

13   B.      Manner and Timing of Designations

14       1.      Except as otherwise provided in this Order (*see, e.g.*, Section

15   B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or

16   Discovery Material that qualifies for protection under this Order must be

17   clearly so designated before the material is disclosed or produced.

18       2.      Designation in conformity with this Order requires the following:

19           a.      For information in documentary form (e.g., paper or

20   electronic documents, but excluding transcripts of depositions or

21   other pretrial or trial proceedings), that the Producing Party affix

22   at a minimum, the legend "CONFIDENTIAL" (hereinafter

23   "CONFIDENTIAL legend"), to each page that contains protected

24   material.  If only a portion or portions of the material on a page

7

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c.      For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, or within thirty (30) days after receipt of the deposition transcript from the court reporter, all protected testimony.

d.  For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.  Inadvertent Failure to Designate

1.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.  Timing of Challenges

1.  Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.  Meet and Confer

1.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper

1   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

2   parties) may expose the Challenging Party to sanctions.  Unless the Designating

3   Party has waived or withdrawn the confidentiality designation, all parties shall

4   continue to afford the material in question the level of protection to which it is

5   entitled under the Producing Party's designation until the Court rules on the

6   challenge.

7   **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

8       A.      Basic Principles

9           1.      A Receiving Party may use Protected Material that is disclosed or

10      produced by another Party or by a Non-Party in connection with this

11      Action only for prosecuting, defending, or attempting to settle this Action.

12      Such Protected Material may be disclosed only to the categories of

13      persons and under the conditions described in this Order.  When the

14      Action has been terminated, a Receiving Party must comply with the

15      provisions of Section XIV below.

16          2.      Protected Material must be stored and maintained by a Receiving

17      Party at a location and in a secure manner that ensures that access is

18      limited to the persons authorized under this Order.

19      B.      Disclosure of "CONFIDENTIAL" Information or Items

20          1.      Unless otherwise ordered by the Court or permitted in writing by

21      the Designating Party, a Receiving Party may disclose any information or

22      item designated "CONFIDENTIAL" only to:

23              a.      The Receiving Party's Outside Counsel of Record in this

24      Action, as well as employees of said Outside Counsel of Record to

1    whom it is reasonably necessary to disclose the information for this

2    Action;

3    b.    The officers, directors, and employees (including House

4    Counsel) of the Receiving Party to whom disclosure is reasonably

5    necessary for this Action;

6    c.    Experts (as defined in this Order) of the Receiving Party to

7    whom disclosure is reasonably necessary for this Action and who

8    have signed the "Acknowledgment and Agreement to Be Bound"

9    (Exhibit A);

10    d.    The Court and its personnel;

11    e.    Court reporters and their staff;

12    f.    Professional jury or trial consultants, mock jurors, and

13    Professional Vendors to whom disclosure is reasonably necessary

14    or this Action and who have signed the "Acknowledgment and

15    Agreement to be Bound" attached as Exhibit A hereto;

16    g.    The author or recipient of a document containing the

17    information or a custodian or other person who otherwise

18    possessed or knew the information;

19    h.    During their depositions, witnesses, and attorneys for

20    witnesses, in the Action to whom disclosure is reasonably

21    necessary provided: (i) the deposing party requests that the

22    witness sign the "Acknowledgment and Agreement to Be Bound;"

23    and (ii) they will not be permitted to keep any confidential

24    information unless they sign the "Acknowledgment and Agreement

1   to Be Bound," unless otherwise agreed by the Designating Party or

2   ordered by the Court.  Pages of transcribed deposition testimony or

3   exhibits to depositions that reveal Protected Material may be

4   separately bound by the court reporter and may not be disclosed to

5   anyone except as permitted under this Stipulated Protective Order;

6   and

7   i.      Any mediator or settlement officer, and their supporting

8   personnel, mutually agreed upon by any of the parties engaged in

9   settlement discussions.

10  C.  Disclosure of Telephone Numbers.  In the course of this litigation, Defendant

11  and/or a Non-Party may produce a list of telephone numbers ("Outbound Dial

12  Data").  The telephone numbers provided in the Outbound Dial Data are

13  uniquely identifiable personal identifying information of Defendant's customers,

14  and accordingly, require heightened protection from disclosure.  The Outbound

15  Dial Data is designated as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES

16  ONLY" as shall be handled as set forth in this Section.  For purposes of the

17  Outbound Dial Data only, the following provisions replace and supersede the

18  use, disclosure and handling of "CONFIDENTIAL" information set forth in

19  Section 8.B above.

20  i.      No person may review the Outbound Dial Data or any

21  compilation, analysis or report generated or derived from the

22  Outbound Dial Data, except for the Receiving Party's Outside

23  Counsel of Record and Expert.  The Receiving Party shall not

24  review the Outbound Dial Data, but may discuss the results of

1    any analysis derived from the Outbound Dial Data with her

2    Outside Counsel of Record for any purpose.

3    ii.    The Receiving Party's Expert may only make a copy of the

4    Outbound Dial Data, in whole or in part, as is necessary to

5    accomplish the tasks for which he/she was retained.

6    iii.    The Receiving Party's  Outside Counsel of Record and their

7    Expert may not contact any person or telephone numbers listed

8    in the Outbound Dial Data for any purpose and may not attempt

9    to ascertain the name, address, any other telephone number or

10    contact information or any other information associated with the

11    telephone numbers or the subscribers of the telephone numbers

12    provided in the Outbound Dial Data, through reverse skip tracing

13    or otherwise, for any purpose, absent an order from this Court

14    permitting such contact(s).

15    iv.    The Receiving Party's Outside Counsel of Record and their

16    Expert shall not, for any purpose, file with the Court the

17    Outbound Dial Data, in whole or in part, or reference in any

18    document to be filed with the Court any telephone number

19    provided in the Outbound Dial Data.  However, if necessary for

20    trial and for motion practice, including but not limited to

21    motions to compel, motions for class certification and motions

22    for summary judgment, such numbers, compilations, reports,

23    summaries and conclusions obtained from the Outbound Dial

24    Data may be submitted to the Court in a redacted format, as to

13

1   not disclose the actual telephone numbers, but only if such

2   information is submitted in a manner designed to protect the

3   public release of such information.  Under no circumstances shall

4   any number contained in the Outbound Dial Data be submitted

5   to the Court in unredacted form unless ordered by the Court.

6   **IX.   PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED**

7   **IN OTHER LITIGATION**

8   A.   If a Party is served with a subpoena or a court order issued in other

9   litigation that compels disclosure of any information or items designated in this

10   Action as "CONFIDENTIAL," that Party must:

11   1.   Promptly notify in writing the Designating Party.  Such notification

12   shall include a copy of the subpoena or court order;

13   2.   Promptly notify in writing the party who caused the subpoena or

14   order to issue in the other litigation that some or all of the material

15   covered by the subpoena or order is subject to this Protective Order.  Such

16   notification shall include a copy of this Stipulated Protective Order; and

17   3.   Cooperate with respect to all reasonable procedures sought to be

18   pursued by the Designating Party whose Protected Material may be

19   affected.

20   B.   If the Designating Party timely seeks a protective order, the Party served

21   with the subpoena or court order shall not produce any information designated

22   in this action as "CONFIDENTIAL" before a determination by the Court from

23   which the subpoena or order issued, unless the Party has obtained the

24   Designating Party's permission.  The Designating Party shall bear the burden

14

1    and expense of seeking protection in that court of its confidential material and

2    nothing in these provisions should be construed as authorizing or encouraging a

3    Receiving Party in this Action to disobey a lawful directive from another court.

4    **X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

5    **PRODUCED IN THIS LITIGATION**

6    A.      The terms of this Order are applicable to information produced by a Non-

7    Party in this Action and designated as "CONFIDENTIAL."  Such information

8    produced by Non-Parties in connection with this litigation is protected by the

9    remedies and relief provided by this Order.  Nothing in these provisions should

10   be construed as prohibiting a Non-Party from seeking additional protections.

11   B.      In the event that a Party is required, by a valid discovery request, to

12   produce a Non-Party's confidential information in its possession, and the Party

13   is subject to an agreement with the Non-Party not to produce the Non-Party's

14   confidential information, then the Party shall:

15          1.      Promptly notify in writing the Requesting Party and the Non-Party

16          that some or all of the information requested is subject to a

17          confidentiality agreement with a Non-Party;

18          2.      Promptly provide the Non-Party with a copy of the Stipulated

19          Protective Order in this Action, the relevant discovery request(s), and a

20          reasonably specific description of the information requested; and

21          3.      Make the information requested available for inspection by the

22          Non-Party, if requested.

23   C.      If the Non-Party fails to seek a protective order from this court within 14

24   days of receiving the notice and accompanying information, the Receiving Party

15

may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for

1    production without prior privilege review.  Pursuant to Federal Rule of Evidence

2    502(d) and (e), insofar as the parties reach an agreement on the effect of

3    disclosure of a communication or information covered by the attorney-client

4    privilege or work product protection, the parties may incorporate their

5    agreement in the Stipulated Protective Order submitted to the Court.

6    **XIII.  MISCELLANEOUS**

7        A.    Right to Further Relief

8              1.    Nothing in this Order abridges the right of any person to seek its

9              modification by the Court in the future.

10       B.    Right to Assert Other Objections

11             1.    By stipulating to the entry of this Protective Order, no Party waives

12             any right it otherwise would have to object to disclosing or producing any

13             information or item on any ground not addressed in this Stipulated

14             Protective Order.  Similarly, no Party waives any right to object on any

15             ground to use in evidence of any of the material covered by this Protective

16             Order.

17       C.    Filing Protected Material

18             1.    A Party that seeks to file under seal any Protected Material must

19             comply with Civil Local Rule 79-5.  Protected Material may only be filed

20             under seal pursuant to a court order authorizing the sealing of the specific

21             Protected Material at issue.  If a Party's request to file Protected Material

22             under seal is denied by the Court, then the Receiving Party may file the

23             information in the public record unless otherwise instructed by the Court.

24

1    **XIV.  FINAL DISPOSITION**

2           A.      After the final disposition of this Action, as defined in Section V, within

3    sixty (60) days of a written request by the Designating Party, each Receiving

4    Party must return all Protected Material to the Producing Party or destroy such

5    material.  As used in this subdivision, "all Protected Material" includes all copies,

6    abstracts, compilations, summaries, and any other format reproducing or

7    capturing any of the Protected Material.  Whether the Protected Material is

8    returned or destroyed, the Receiving Party must submit a written certification to

9    the Producing Party (and, if not the same person or entity, to the Designating

10   Party) by the 60 day deadline that (1) identifies (by category, where appropriate)

11   all the Protected Material that was returned or destroyed and (2) affirms that the

12   Receiving Party has not retained any copies, abstracts, compilations, summaries

13   or any other format reproducing or capturing any of the Protected Material.

14   Notwithstanding this provision, Counsel are entitled to retain an archival copy of

15   all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

16   memoranda, correspondence, deposition and trial exhibits, expert reports,

17   attorney work product, and consultant and expert work product, even if such

18   materials contain Protected Material.  Any such archival copies that contain or

19   constitute Protected Material remain subject to this Protective Order as set forth

20   in Section V.

21          B.      Any violation of this Order may be punished by any and all appropriate

22   measures including, without limitation, contempt proceedings and/or monetary

23   sanctions.

24

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2    DATED:  December 2, 2020               REED SMITH LLP

3

4                                          By: */s/ Rachel Y. Chuang[1]*
                                               Raymond A. Cardozo
5                                              Timothy R. Carwinski
                                               Rachel Y. Chuang
6                                              Attorneys for Defendant
                                               Allergan, Inc.

7    DATED:  December 2, 2020               CAREY RODRIGUEZ MILIAN GONYA LLP

8

9                                          By: */s/ Ruben Conitzer*
                                               David P. Milian
10                                             Ruben Conitzer
                                               Attorneys for Plaintiff
11                                             Ray Weisbein

12   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

13   Dated:    12/3/2020                    /s/ Autumn D. Spaeth
                                            HONORABLE AUTUMN D. SPAETH
14                                          United States Magistrate Judge

15

16

17

18

19

20

21

22

23   _____

24   [1] I, Rachel Y. Chuang, hereby attest, pursuant to Local Rule 5-4.3.4(a)(2), that all other
     signatories listed, and on whose behalf the filing is submitted, concur in the filing's
     content and have authorized the filing.

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issue

by the United States District Court for the Central District of California on [DATE] in

the case of *Ray Weisbein, et al. v. Allergan, Inc.* (C.D. Cal. Case No. 8:20-cv-00801-

FMO-ADS).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____